**Sebastian Tapia**, OSB No. 043761
stapia@cityofsalem.net
City of Salem, Legal Department, Rm 225
PO Box 14300
Salem, Oregon 97309
Telephone: (503) 588-6003
Facsimile: (503) 361-2202
    Attorneys for Defendants Salem Police
    Department and City of Salem

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN RODRIGUEZ, et al.<br><br>   Plaintiff,<br><br>     v.<br><br>STATE OF OREGON, et al.<br><br>   Defendants. | Case No. 6:23-cv-01863-MK<br><br>**CITY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**PRELIMINARY MATTER**

In response to Plaintiffs' motion titled "Ex Parte Declaration in Opposition to Motion to Dismiss and Request for Summary Judgement" (*sic*), Defendants Salem Police Department and City of Salem ("City Defendants") object to the filing pursuant to LR 7-1(a) (Plaintiff failed to confer with the parties about the motion) and LR 7-1(b) (a motion may not be combined with any response, reply or other pleading). The Court should deny Plaintiffs motion for failure to confer and failure to follow court procedures.

///

///

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348 (1986).

"A Summary Judgment Motion cannot be defeated by relying solely upon conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F2d 1040, 1045 (9th Cir. 1989). It is only the material facts that come into play. A fact is "material" when it is relevant to an element of a claim or when its existence might affect the outcome of the suit. *TW Elec. Service Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F2d 626, 630 (9th Cir. 1987). If the non-moving party's facts, together with undisputed background or contextual facts, do not show the non-moving party to be justified to a jury verdict in its favor, summary judgment is appropriate. *Id*. at 631. Summary judgment is mandated where the facts and the law will reasonably support only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250-251, 106 S.Ct. 2505 (1986). One of the principal purposes of a summary judgment procedure is to isolate the disposal of claims that are not factually supported, and the rule is to be interpreted to accomplish this purpose. *Celotex*, 477 U.S. at 323-24. The "mere existence of a scintilla of evidence in support of plaintiff's positions [is] insufficient." *Anderson*, 477 U.S. at 252. Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587.

///

///

## ARGUMENT

Plaintiffs' motion states it is "in the best interest of all parties involved … to proceed with a summary judgment." Dkt. 33, p. 4. Plaintiffs do not cite any case law that support their position. Plaintiffs also failed to identify any undisputed facts for which they may be entitled to judgment as a matter of law. Because Plaintiff has failed to point to facts in the record supporting Summary Judgment, City Defendants cannot respond as to whether Plaintiffs have identified all essential questions of fact and whether those facts are undisputed.

The parties still need to complete their exchange of discovery. Plaintiffs disregarded the City Defendants' request to schedule an initial discovery planning conference pursuant to FRCP 26(f). Tapia Decl. Ex. 1. Additionally, Plaintiffs responses to City Defendants' First Set of Interrogatory are not due until April 5, 2024, which will be crucial in determining whether essential facts are in dispute. Tapia Decl. Ex. 2. Finally, Plaintiff Martin Rodriguez appears to be wanted for his failure to appear for the criminal trespass and resisting arrest charges on September 5 ,2023. Tapia Decl. Ex. 3 and 4. The crime appears to be based on the same facts as Plaintiff's use of force claim here. The outcome of that prosecution may be dispositive to the use of force claim here. See *Smith v. City of Hemet*, 394 F.3d 689, 693 (9th Cir, 2005), citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

## CONCLUSION

For the above-stated reasons, City Defendants respectfully request that this Court deny Plaintiff's motion for summary judgment.

DATED this 27th day of March 2024.

    *s/ Sebastian Tapia*
Sebastian Tapia, OSB No. 043761
(He/ Him/ His)
stapia@cityofsalem.net
Attorney for Defendants Salem Police
Department and City of Salem