IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN RODRIGUEZ;<br>BRITNI RODRIGUEZ,<br><br>                    Plaintiffs,<br>     v.<br><br>STATE OF OREGON; SALEM<br>POLICE DEPARTMENT; MARION<br>COUNTY SHERIFF'S DEPARTMENT;<br>MARION COUNTY JUSTICE<br>COURT; MARION COUNTY; CITY<br>OF SALEM,<br><br>                    Defendants. | Civ. No. 6:23-cv-01863-MK<br><br>**OPINION & ORDER** |

AIKEN, District Judge.

This case comes before the Court on a Motion for Temporary Restraining Order, ECF No. 46, filed by *pro se* Plaintiffs Martin Rodriguez and Britni Rodriguez. Plaintiffs seek to enjoin non-party DoubleTree by Hilton from proceeding with an eviction of Plaintiffs from a hotel in Salem, Oregon. Plaintiffs also seek to enjoin Defendant Marion County Sheriff's Department from carrying out a writ of execution for the eviction of Plaintiffs from the hotel. This motion is suitable for resolution without oral argument. Local Rule 7-1(d)(1). For the reasons set forth below, the motion is DENIED.

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court has reviewed the filings in this case and concludes that Plaintiffs have not carried their burden and have failed to make the showing necessary to

support the extraordinary and drastic remedy of a TRO. Plaintiffs' Motion, ECF No.46, is therefore DENIED. This denial is without prejudice to any request for a preliminary injunction.

It is so ORDERED and DATED this ___15th___ day of April 2024.

                                     /s/Ann Aiken
                                     ANN AIKEN
                                     United States District Judge