JANE E. VETTO, OSB #914564
Marion County Legal Counsel
*jvetto@co.marion.or.us*
KEEGAN C. MURPHY, OSB #194264
Sr. Assistant Legal Counsel
*kemurphy@co.marion.or.us*
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorney for County Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN RODRIGUEZ, ET. AL., *Plaintiffs*, v. STATE OF OREGON, ET. AL., *Defendants*. | Case No. 6:23-cv-01863-MK **COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**LR 7-1 CERTIFICATION**

Defendants Marion County, Marion County Sheriff's Office, and Marion County Justice Court ("County Defendants") made a good faith effort to confer with Plaintiffs Britni and Martin Rodriguez ("Plaintiffs") prior to filing this motion, but the parties were unable to resolve this dispute.

**MOTION**

Plaintiffs brought this action against Defendants under 42 U.S.C. § 1983 and Oregon

state law, alleging that they were unlawfully evicted from their home by Marion County Sheriff's Office ("MCSO") personnel pursuant to an order issued by the Marion County Justice Court. Pursuant to Federal Rule of Civil Procedure ("FRCP") 56(a), Defendants move this Court for an order granting summary judgment on all claims in Plaintiff's Amended Complaint on the basis that County Defendants are entitled to judicial immunity and that Plaintiffs will be unable to produce evidence giving rise to a triable issue of fact on the merits. This motion is supported by the following memorandum of law, the attached declarations of Nancy Hernandez and Brian Wallace, and the pleadings on file.

## MEMORANDUM OF LAW

### I. FACTUAL BACKGROUND

On February 6, 2023, landlord KMB 525, LLC ("KMB") filed an eviction complaint in Marion County Justice Court against plaintiffs, alleging that they had not paid rent on their apartment. Declaration of Nancy Hernandez in Support of Motion for Summary Judgment ("Hernandez Decl.") Ex. A at 58. The case went to trial on March 9, 2023, after which the court awarded judgment for KMB and issued a notice requiring Plaintiffs to vacate the premises within 10 days. Hernandez Decl. Ex. A at 42. Later that afternoon, the court received an email from each of the two plaintiffs purporting to "revok[e] subject jurisdiction," claiming that Plaintiffs "do not need permission from an inferior" to continue to occupy the apartment and directing that "[t]his case should be considered dismissed with prejudice." Hernandez Decl. Ex. A at 40-41. The court construed Plaintiffs' emails as motions to dismiss the case and issued an order denying them the next day, March 10th. Hernandez Decl. Ex. A at 39. The order explained that, "[t]o the extent that [Plaintiffs] are trying to appeal, they need to follow the process outlined in ORS Chapter 53, including but not limited to ORS 53.010-53.060, and the posting of the undertaking sureties." Hernandez Decl. Ex. A at 39.

Although the notice of restitution was formally served on Plaintiffs on March 13th, they refused to vacate the apartment. Hernandez Decl. Ex. A at 35. Instead, on March 21st the court received a letter from Plaintiffs directing it to "cease and desist any and all further unlawful actions of harassment" against them. Hernandez Decl. Ex. A at 30. On March 27th, the court issued a writ of execution directed to MCSO, which provided in relevant part as follows:

> "In the name of the State of Oregon, you are ordered to enforce and serve this writ on the [Plaintiffs] in the manner provided in ORS 105.161.
>
> "You are ordered to enter the premises and remove the [Plaintiffs] and any other individual present on the premises who is subject to the judgment and return possession of the premises to [KMB]. You may use all reasonable force that may be necessary to enter the premises and remove individuals who are subject to the judgment."

Hernandez Decl. Ex. A at 37. KMB provided a copy of the writ of execution to MCSO on April 17, 2023. Hernandez Decl. Ex. A at 19; Declaration of Brian Wallace in Support of Motion for Summary Judgment ("Wallace Decl.") ¶ 4. The next day, Deputy Cory Breitbach attempted to make contact with Plaintiffs at the apartment, but they refused to answer the door. Hernandez Decl. Ex. A at 19; Wallace Decl. ¶ 5. While on site, Breitbach spoke with some other employees of the property management company and learned that Plaintiff Martin Rodriguez had apparently made some sorts of threats of violence toward them in the past. Wallace Decl. ¶ 6. Given that new information, MCSO obtained a 30-day extension of time to execute the writ in order to coordinate with KMB to ensure that the eviction could be done safely. Hernandez Decl. Ex. A at 16-20; Wallace Decl. ¶ 7. During that time, MCSO personnel met with Plaintiffs via phone to discuss the situation, but Plaintiffs continued to insist that the court lacked jurisdiction to issue the eviction order. Wallace Decl. ¶ 8. MCSO personnel attempted to explain to Plaintiffs that their remedy to contest jurisdictional issues was an appeal to the Marion County Circuit Court, but Plaintiffs still refused to vacate voluntarily. Wallace Decl. ¶ 8. Ultimately, KBM did not

respond to MCSO's efforts at coordinating the eviction, so deputies were unable to serve the writ, resulting in it lapsing after 30 days pursuant to ORS 105.161. Wallace Decl. ¶ 9.

Approximately one month later in June of 2023, KMB filed a motion with the court seeking a further extension of the writ of execution. Hernandez Decl. Ex. A at 12. The court issued a scheduling order on the motion to the parties directing Plaintiffs to file any response by July 5th. Hernandez Decl. Ex. A at 9. When Plaintiffs did not respond, the court entered an amended judgment of restitution for KMB. Hernandez Decl. Ex. A at 5 (writ of execution), 7 (amended judgment). A new notice of restitution directing Plaintiffs to vacate by July 18th was served on July 12th via posting on the premises door, but Plaintiffs still did not leave the unit. Hernandez Decl. Ex. A at 1. Accordingly, on July 21st the court issued another writ of execution to MCSO—the language of which was identical to the portion of the first quoted above—which deputies served on August 2nd. Hernandez Decl. Ex. A at 5; Wallace Decl. ¶ 10, Ex. A at 1. Upon the deputies' arrival, Plaintiffs refused to open the door, which forced deputies to have to drill out the lock. Wallace Decl. Ex. A at 1. Once inside, deputies spent over an hour talking with Plaintiffs and eventually convinced them to leave the property without further incident. Deputies did not use any force against Plaintiffs during the encounter. Wallace Decl. Ex. A at 1.

Following their eviction by the County, Plaintiffs hired a locksmith who helped them reopen the apartment so that they could resume their occupation. Compl. at 3. Although KMB contacted MCSO again about removing the Plaintiffs from the premises, MCSO advised that it had already completed the eviction and that any reentry by Plaintiffs was now a criminal matter for which KMB should contact the Salem Police Department. MCSO had no further contact with the Plaintiffs regarding the matter but was informed that Martin Rodriguez was later arrested by Salem Police Department officers.

Page **4** of **15** - **COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

## II. SUMMARY JUDGMENT STANDARD

FRCP 56 authorizes Summary Judgment if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). For issues on which the party moving for summary judgment *would not* bear the burden of persuasion at trial, the party is responsible only for "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id* at 323. The burden then shifts to the nonmoving party to "present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party fails to meet its burden if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). "A summary judgment motion cannot be defeated by relying solely upon conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F2d 1040, 1045 (9th Cir. 1989). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). For issues on which the moving party *would* bear the burden of persuasion at trial, the party must demonstrate that "the evidence is so powerful that no reasonable jury would be free to disbelieve it" to prevail on the motion. *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008).

## III. ARGUMENT

Plaintiffs assert a variety of claims against County Defendants under both state and federal law. Federally, Plaintiffs claim under 42 U.S.C. § 1983 that the justice court eviction deprived them of their rights under the Fourteenth Amendment because it was conducted

unlawfully without jurisdiction and a fair hearing. Complaint ("Compl.") at 6-7. Plaintiffs also allege that MCSO further violated their Fourth Amendment rights "through forced eviction and warrantless arrest and the taking of property."[1] Compl. at 6. Under Oregon state law, Plaintiffs allege claims of negligence, trespass to chattel, and assault.[2] Compl. at 6-7. As explained in further detail below, Plaintiff will be unable to produce sufficient evidence to give rise to a triable issue of fact regarding any of these claims.

A. *Federal Claims*

  i. Plaintiffs' federal claims should be dismissed because they will be unable to establish the required elements for municipal liability under § 1983.

Plaintiffs' federal claims against County Defendants should first be dismissed because they will be unable to establish the require elements to bring a claim under § 1983 against a local government. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, a local government is only liable under § 1983 "where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989) (emphasis original). This theory of

---

[1] Plaintiffs' complaint also makes two more claims under federal law not discussed above. First, Plaintiffs allege that their the Eighth Amendment rights were violated when they were "wrongfully arrested and jailed just for living peacefully within their own home." Compl. 7. County Defendants understand this claim to be asserted solely against the City Defendants, as plaintiffs do not allege that county deputies arrested Plaintiffs in the course of their interactions with them. Second, Plaintiffs' complaint purports to make a claim under 18 U.S.C. § 1203, which is the federal criminal statute prohibiting hostage taking. However, this statute does not provide a civil cause of action.

[2] Plaintiffs also make a claim for false imprisonment under state law for "[u]nlawful arrest and detention and the use of excessive force as well as the use of a taser." Compl. at 6. Again, because Plaintiffs do not allege that County Defendants arrested them, used force against them, or used a Taser, County Defendants understand this claim to be asserted solely against the City Defendants.

liability requires a plaintiff to prove four elements: (1) the plaintiff had a constitutional right of which he was deprived; (2) the municipality had a policy, practice, or custom; (3) the policy, practice, or custom amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy, practice is the moving force behind the constitutional violation. *Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). Here, Plaintiffs do not allege in their complaint that County Defendants maintained any specific policies, practices, or customs that violated their rights and they will be unable to produce any evidence to that effect. Plaintiffs' § 1983 claims focus instead on the actions of individual county employees rather than anything the County itself has allegedly done. Accordingly, those claims should be dismissed.

    ii. <u>Plaintiffs' federal claims should be dismissed with prejudice because it would be futile to re-plead them against individual county employees.</u>

If this Court dismisses Plaintiff's federal claims for the reasons outlined above, that dismissal should be with prejudice because any effort to replead them against individual County employees would be futile. The individual county employees involved in Plaintiffs' eviction from their home are all entitled to judicial immunity for their respective roles in the adjudication of Plaintiffs' eviction case and subsequent writ of execution. Moreover, even if the individual employees were not entitled to immunity, Plaintiffs' claims also fail on their merits.

Beginning with the Marion County Justice Court, if Plaintiffs were to replead their claim against the Marion County Justice of the Peace individually rather than the court as an entity, their claim would be immediately futile. "It is well settled that judges are generally immune from suit for money damages" for acts performed in their judicial capacity. *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021). This immunity is absolute and applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). To determine whether an act

is judicial in nature, courts consider four different factors: whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). Here, all four of these factors squarely weigh in favor of a finding of judicial immunity. Plaintiffs' claim against the justice court alleges that the court committed an error in adjudicating their eviction case, which is a normal judicial function of a justice court in the state of Oregon. *See* ORS 105.110 (granting jurisdiction to local justice of the peace to hear eviction cases). Moreover, the events in this case all occurred physically within justice court itself, where the court's ruling was made, and pertained to a case pending before the judge in his official capacity. As a result, the justice of the peace would be entitled to absolute immunity from suit.

Additionally, even if the Marion County Justice of the Peace were not entitled to absolute judicial immunity, Plaintiffs' claim would fail on the merits. The essence of Plaintiff's argument is that they believe their eviction case was wrongly decided because (1) the justice court lacked jurisdiction to hear it and (2) they were in some unspecified way denied a fair hearing. However, as mentioned above, justice courts in Oregon have statutory authority to hear eviction cases. ORS 105.110 ("When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises . . . *before any justice of the peace of the county*.") (emphasis added). Plaintiffs did not plead any specific reason before the justice court as to why the justice court lacked jurisdiction over their case, and they will be unable to do so here. Moreover, Plaintiffs do not specify any

specific way in which the hearing before the court was allegedly deficient and will be unable to provide any evidence demonstrating as much. Accordingly, even if Plaintiffs' claims against the justice court were re-pled against an individual defendant, they would still fail and should therefore be dismissed with prejudice.

Turning then to Plaintiffs' claims against Marion County and MCSO for carrying out the justice court's writ of execution and evicting them from their home, their case encounters a similar problem. The Ninth Circuit has recognized that the absolute immunity that judicial officers receive when performing judicial acts also extends to the public officials charged with responsibility for carrying out and enforcing those acts. *Engebretson v. Mahoney*, 724 F.3d 1034, 1038 (9th Cir. 2013) ("[T]he Court has long expressed the general idea that public officials who ministerially enforce facially valid court orders are entitled to absolute immunity."); *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986) ("Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process."). The rationale for the extension of immunity is straightforward: granting immunity to individuals who carry out court orders "free[s] the judicial process from the harassment and intimidation associated with litigation." *Burns v. Reed*, 500 U.S. 478, 494, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991). Applying this doctrine, district courts around the Ninth Circuit have routinely held that county sheriff's deputies are immune from suit solely for the fact that they enforced a facially valid eviction order. *Moorish Sci. Temple of Am. v. Christiana Tr.*, No. 2:19-cv-08382-CAS-KES, 2019 U.S. Dist. LEXIS 237410 (C.D. Cal. Oct. 25, 2019) (concluding that county sheriff's deputies were absolutely immune from liability for the fact that they enforced a court order for eviction); *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 U.S. Dist. LEXIS 91561 (N.D. Cal.

June 28, 2013) ("Because the sole allegations against the Sheriff Defendants relate to its mandatory duty to enforce the Superior Court's Writ of Possession, they are entitled to absolute immunity from Plaintiffs' claims."); *Von Brincken v. Royal*, No. 2:12-cv-2599-MCE-CKD PS, 2013 U.S. Dist. LEXIS 4733, 2013 WL 211245, *3 (E.D. Cal., Jan. 10, 2013) (finding that § 1983 claims based on sheriff's deputies service of an eviction notice and writ of possession upon plaintiffs pursuant to a court order were absolutely immune under the doctrine of quasi-judicial immunity).

Here, if Plaintiffs were to re-plead their claims against the individual deputies who performed the evictions, Plaintiffs do not allege and would be unable to provide evidence that the eviction order was facially invalid or that deputies engaged in any misconduct while performing the eviction. Rather, Plaintiffs' claims allege liability based solely on the fact the deputies enforced the justice court's order to evict them from the premises. The portion of Plaintiffs' complaint describing the eviction itself alleges only that MCSO deputies "unlawfully" entered their apartment and forced them to leave when "there was no valid order that was even applicable," which meant that the eviction as a whole was "illegal and unlawful." Compl. at 2. Similarly, in the portion of the complaint describing their claims, Plaintiffs allege a Fourteenth Amendment violation based solely only on "lack of jurisdiction, illegal eviction, and the denial of a fair hearing" and a Fourth Amendment violation based on "forced eviction and warrantless arrest and the taking of property."[3] Because the individual deputies cannot be liable solely for the fact that they enforced a facially valid court order, the deputies would be entitled to judicial immunity if sued in their individual capacities.

---

[3] Again, County Defendants understand the "warrantless arrest" portion of those allegations to be directed toward the city, and Plaintiffs do not allege that County Defendants arrested them.

Page **10** of **15** - **COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Additionally, even if the deputies were not entitled to judicial immunity, Plaintiffs' claims against them would fail on the merits. Plaintiffs' sole allegation against the County is that their eviction violated their constitutional rights because it was done pursuant to an allegedly invalid writ of execution that was issued by a court without jurisdiction over the case. However, as noted previously, the Marion County Justice Court *does* have jurisdiction to conduct eviction proceedings. ORS 105.110. The Plaintiffs do not allege and will be unable to show any other reason why the court would have lacked jurisdiction over their case or why it was unlawful for MCSO to carry out the court's order as required by law. *See* ORS 105.161(c) ("Immediately following the service of the writ and the eviction trespass notice, the sheriff shall return possession of the premises to the plaintiff by removing the defendant or any other person subject to the judgment."). Accordingly, even if Plaintiffs were to re-plead their complaint against individual county employees, it would be futile. This Court should therefore dismiss Plaintiffs' claims with prejudice.

    *B. State Claims*

In addition to dismissing Plaintiffs' federal claims, this Court should dismiss Plaintiffs' state claims because County Defendants are also entitled to judicial immunity under state law and because they fail on their merits as well. Like federal law, Oregon state law provides that judicial officers and other officials who perform acts associated with the judicial process are absolutely immune from liability for actions taken while performing a judicial function. *Heusel v. Multnomah Cty. Dist. Attorney's Office*, 163 Or. App. 51, 55-56, 989 P.2d 465 (1999). The factors that state courts consider when determining whether an official is performing a "judicial function" are very similar to the factors analyzed under federal law:

> "Several factors are commonly examined to determine if a particular duty can be considered judicial or quasi-judicial for the purpose of extending immunity to the official

performing the action. These factors include [(1)] whether the official's actions are functionally comparable to judicial actions or involve decisions normally performed by judges in their judicial capacity, [(2)] whether the action depends on legal opinions or discretionary judgments comparing the facts of a present situation with general legal questions, and [(3)] whether the acts in question are primarily concerned with the official's role as a judicial or quasi-judicial officer."

*Praggastis v. Clackamas Cty.*, 305 Or. 419, 427, 752 P.2d 302 (1988).

Beginning with Plaintiffs' claims against the Marion County Justice Court, the Marion County Justice of the Peace is considered a "judicial officer" who is eligible for judicial immunity generally. *See Shaw v. Moon*, 117 Or. 558, 562-63, 245 P. 318 (1926) (considering whether justice of the peace was acting in official capacity so as to be entitled to immunity).[4] Moreover, the factors weigh squarely in favor of a finding that the justice of the peace was performing a "judicial function" when engaging in the act at issue in this case—namely, adjudicating Plaintiffs' eviction case. Hearing and deciding eviction cases is a normal function for a justice of the peace in his or her official capacity. *See* ORS 51.010 *et. seq.* (setting out jurisdiction and duties of justices of the peace). In making decisions on that case, the justice of the peace was making a specific decision regarding how the law applies to a specific set of facts, rather than just answering a general legal question. Finally, making decisions in contested cases is a fundamental part of the justice of the peace's role as a judicial officer. Accordingly, the Marion County Justice of the Peace—and therefore the Marion County Justice Court—is entitled to absolute judicial immunity against Plaintiffs' claims.

Additionally, even if the justice of the peace were not entitled to judicial immunity,

---

[4] Although Plaintiffs' claims are asserted against the Marion County Justice Court as an entity rather than the Justice of the Peace individually, a public body is immune from liability for the actions of one of its officers under Oregon law to the extent that the officer is immune from liability for the action as an individual. ORS 30.265 ("Every public body is immune from liability for any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employee or agent of a public body when such officer, employee or agent is immune from liability.").

Page **12** of **15** - **COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs' claims will fail on the merits because they will be unable to provide sufficient evidence to substantiate them. The sole claim that Plaintiffs appear to assert against the Marion County Justice Court is for negligently "fail[ing] to follow proper procedures and safeguard the family's rights." Compl. at 6. Again, from Plaintiffs' allegations in this case, the only legal impropriety that they seem to identify in their complaint is an alleged lack of jurisdiction for the justice court to issue the eviction writ. As discussed previously, that assertion is incorrect. *See* ORS 105.110. Accordingly, the Marion County Justice Court is also entitled to summary judgment on the merits of Plaintiffs' claims.

Turning to the claims against Marion County and MCSO, Marion County is immune from liability because the individual deputies who carried out Plaintiffs' eviction are entitled to judicial immunity. A public official has absolute immunity "for acts performed under a court order or directive" if two criteria are established: (1) "the court order or directive must be a permissible exercise of judicial authority," and (2) "the acts must comply with the court order or directive." *Fay v. Portland*, 311 Or. 68, 73-74, 804 P.2d 1155 (1991). Here, despite Plaintiffs' belief to the contrary, a justice court does have authority to decide eviction cases and issue a writ of execution. ORS 105.110. Moreover, as explained in the previous section, Plaintiffs do not allege and will not be able to produce any evidence that MCSO personnel failed to comply with the court's order or otherwise exceeded the bounds of what they were ordered to do. Accordingly, the deputies who evicted Plaintiffs are entitled to judicial immunity and County Defendants are immune from liability as a result.

Finally, County Defendants are also entitled to summary judgment on the claims related to Plaintiffs' eviction on the merits. Plaintiffs will be unable to provide any evidence that the deputies who conducted the eviction negligently "fail[ed] to follow proper procedures and

Page **13** of **15** - **COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220 | Fax: 503-373-4367

safeguard the family's rights," committed trespass to chattel by "taking and removing" the contents of their home and placing them in a storage unit, committed trespass by unlawfully entering their home, or committed assault by intentionally causing them to fear imminent harmful or offensive contact. Compl. at 6-7. The evidence reflects that deputies lawfully entered Plaintiffs' home pursuant to a writ of execution and that, after a discussion, Plaintiffs agreed to leave without incident. County Defendants did not use or imminently threaten to use force on Plaintiffs (let alone do so improperly) nor did they play any part in any removal of Plaintiffs' belongings from their apartment. Therefore, County Defendants are entitled to summary judgment on all claims on their merits.

## CONCLUSION

In sum, Plaintiffs' claims are meritless and should be dismissed by this Court. Federally, Plaintiffs do not allege facts supporting municipal liability under § 1983 and will be unable to provide evidence giving rise to a triable issue of fact on the matter. Additionally, Plaintiffs would be unable to cure that defect were they to replead their claims against individual county employees because they are entitled to judicial immunity and Plaintiffs will be unable to provide any evidence supporting their claims on the merits. As for their state claims, Plaintiffs cannot succeed because the county employees at issue are entitled to judicial immunity under Oregon law and because they will again be unable to provide evidence substantiating their claims on the merits. Accordingly, County Defendants respectfully request that this Court grant their motion for summary judgment and dismiss Plaintiffs' claims with prejudice.

Dated this 19th day of April, 2024.

Respectfully submitted,

JANE E. VETTO
MARION COUNTY LEGAL COUNSEL

_____
Keegan C. Murphy, OSB #194264
Marion County Sr. Assistant Legal
Counsel
Attorney for County Defendants