UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MARTIN RODRIGUEZ; and BRITNI
RODRIGUEZ,

            Plaintiffs,

      vs.

STATE OF OREGON; SALEM POLICE
DEPARTMENT; MARION COUNTY
SHERIFF'S DEPARTMENT; MARION
COUNTY JUSTICE COURT; MARION
COUNTY; and CITY OF SALEM,

            Defendants.

Case No. 6:23-cv-01863-MK

**FINDINGS
AND RECOMMENDATION**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiffs Martin and Britni Rodriguez, proceeding *pro se*, filed this 42 U.S.C. § 1983 ("Section 1983") and other federal and state law action against Defendants the State of Oregon ("State of Oregon"); Salem Police Department and the City of Salem ("City Defendants");

Marion County Sheriff's Department, Marion County Justice County, and Marion County ("County Defendants"). Defendant State of Oregon moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 26. For the following reasons, Defendant State of Oregon's Motion to Dismiss should be granted and Plaintiffs' claims against Defendant State of Oregon should be dismissed with prejudice.[1]

## BACKGROUND

This case relates to an eviction proceeding instigated in the Marion County Justice Court against Plaintiffs on March 9, 2023. Compl. 1, ECF No. 1. Plaintiffs allege that several weeks after the eviction proceeding, on April 18, 2023, a Marion County Sheriff Deputy handed Plaintiff Martin Rodriguez an eviction notice. *Id*. at 2. Plaintiffs allege that several months later, on August 2, 2023, members of the Marion County Sheriff Department evicted Plaintiffs from their home. *Id*. Plaintiffs reoccupied the home the next day. *Id*. at 3. Between August 4th, 2023, and September 6th, 2023, Plaintiffs allege they had several encounters with the Salem Police Department which ultimately culminated in Plaintiff Rodriguez's arrest and the removal of Plaintiffs' family members from their home. *Id*. at 3-6.

Plaintiffs' Section 1983 claims allege they were deprived of rights conferred by the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment. *Id*. at 6, 7. Plaintiffs also allege several other federal and state law claims. *Id*.

---

[1] Plaintiff and the County Defendants have also cross-moved for summary judgment. ECF Nos. 33 and 49. Those motions remain pending before the Court and will be resolved in a separate Findings and Recommendation.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the *pro se* litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* plaintiff's claims may be dismissed with prejudice only where it appears beyond doubt the plaintiff can prove no set of facts that would entitle them to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

# DISCUSSION

I. **State of Oregon's Motion to Dismiss**

Defendant argues Plaintiffs' claim should be dismissed because (A) Plaintiffs have alleged no conduct by Defendant State of Oregon, (B) Defendant State of Oregon is an improper defendant under Section 1983, and (C) Defendant State of Oregon is entitled to Eleventh Amendment immunity. The Court addresses each argument in turn below.

A. **Failure to State a Claim**

Defendant argues Plaintiffs' claim against Defendant should be dismissed because Plaintiffs have not alleged any specific conduct by Defendant. Courts grant *pro se* pleadings great leeway, but those pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Here, Plaintiffs' Complaint does not allege any conduct by Defendant State of Oregon. Thus, Plaintiffs have failed to plead sufficient facts to support their claims against Defendant. Plaintiffs' Complaint should be dismissed for failure to state a claim.

B. **State of Oregon as a Section 1983 Defendant**

Defendant also argues that the State of Oregon is an improper defendant under Section 1983 claims because the statute applies only to "person[s]." Indeed, the U.S. Supreme Court has held that Section 1983 applies only to persons and "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The State of Oregon is therefore not a person within the meaning of Section 1983 and those claims against Defendant State of Oregon should be dismissed.

### C. Sovereign Immunity

Finally, Defendant argues that all of Plaintiffs' claims are barred by the Eleventh Amendment. The Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" *Alabama v. Pugh*, 438 U.S. 781, 781 (1978) (*per curiam*); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (Eleventh Amendment protects against state law claims brought against the states). While states may waive Eleventh Amendment immunity, waiver will only be found "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (internal quotations and citation omitted).

Here, each of Plaintiffs' claims against the Defendant State of Oregon are barred by the Eleventh Amendment. They are claims brought by private parties against the State of Oregon, and there is no indication that the State of Oregon has waived Eleventh Amendment immunity. Section 1983 does not abrogate a state's Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 240-41 (1979), nor is there any other indication of waiver as to any of the federal or state law claims. *See* Def. Mot. 4 (noting that Defendant "has not waived its right to Eleventh Amendment immunity or consented to be sued in this Court for [P]laintiffs' claims"). Plaintiffs' claims against Defendant should therefore be dismissed.

## II. Leave to Amend

In civil rights cases in which the plaintiff appears *pro se*, the court construes the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). Ordinarily *pro se* litigants are given leave to amend their complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988).

However, if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted).

Here, while Plaintiffs could amend their Complaint to address the lack of specific allegations against the State, amendment cannot cure the other two bases for dismissal. Specifically, with respect to the Section 1983 claims, there is no set of facts Plaintiffs can plead which would bring Defendant within the language of Section 1983. With respect to all the claims, no amendment could overcome the applicability of Eleventh Amendment immunity. Accordingly, Plaintiffs' claims against Defendant should be dismissed with prejudice.

## RECOMMENDATION

For the reasons above, Defendant's Motion to Dismiss (ECF No. 26) should be GRANTED, and Plaintiffs' claims against Defendant State of Oregon should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 16th day of May 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge