IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARTIN RODRIGUEZ;
BRITNI RODRIGUEZ,

        Plaintiffs,

v.

SALEM POLICE DEPARTMENT;
MARION COUNTY SHERIFF'S
DEPARTMENT; MARION COUNTY
JUSTICE COURT; MARION COUNTY;
CITY OF SALEM,

        Defendants.

Civ. No. 6:23-cv-01863-MK

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 78, filed by *pro se* Plaintiffs Martin Rodriguez and Britni Rodriguez. The Court denied Plaintiffs' previous motion for TRO on April 15, 2024. ECF No. 48.

    Plaintiffs seek (1) to enjoin any further evictions or removals of Plaintiffs from a property at 1660 Acacia Dr. S., Salem, OR 97302; (2) an order requiring the return of access to the property; (3) reversal of a ruling in Marion County Circuit Court Case No. 24CV24857; (4) an injunction halting multiple ongoing criminal prosecutions of Plaintiffs in Marion County Circuit Court; and (5) an injunction restraining

Defendants from interfering with Plaintiffs' possession of the property. Plaintiffs seek a preliminary injunction hearing and assert that no bond is required. This motion is suitable for resolution without oral argument. Local Rule 7-1(d)(1). For the reasons set forth below, the motion is DENIED.

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by

a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court has reviewed the filings in this case and concludes that Plaintiffs have not carried their burden and have failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO. In particular, the Court concludes that Plaintiffs have not shown a likelihood of success on the merits of their claims, particularly as they appear to seek appellate review of a specific Oregon state court decision. Federal district courts do not possess appellate jurisdiction over state court decisions. *Worldwide Church of God v. McNair*, 805. F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings."). Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 78, is DENIED. Plaintiffs also seek the issuance of a preliminary injunction, and the Court will consider briefing on that request in the ordinary course.

It is so ORDERED and DATED this ___25th___ day of June 2024.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge