IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARTIN RODRIGUEZ;                                  Civ. No. 6:23-cv-01863-MK
and BRITNI RODRIGUEZ,

                Plaintiffs,                    **OPINION & ORDER**

      v.

SALEM POLICE DEPARTMENT;
MARION COUNTY SHERIFF'S
DEPARTMENT; MARION COUNTY
JUSTICE COURT; MARION COUNTY;
and CITY OF SALEM,

                Defendants.
_____

AIKEN, District Judge.

      This case comes before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed on June 25, 2024. ECF No. 78.   The Court denied Plaintiffs' request for a temporary restraining order ("TRO") on June 25, 2024.  ECF No. 80.  Plaintiffs filed "Emergency Objections" to the Court's Order on June 26, 2024, which the Court interpreted as a motion for reconsideration.  ECF No. 82.  So construed, the motion was denied.  ECF No. 84.  On June 28, 2024, Defendants City of Salem and Salem Police Department filed a Response to Plaintiffs' Motion.  ECF No. 87.  Plaintiffs have not filed a reply brief and the time for doing so has passed.  The Court concludes that this motion is appropriate

for resolution without oral argument.  Plaintiffs' motion for a preliminary injunction is DENIED.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest.  *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element.  *Id.* at 1131.  Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above.  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

"Due to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to

preliminary injunction proceedings." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013).

## BACKGROUND

The facts underlying Plaintiffs' request for a preliminary injunction have only a distant and tenuous connection to the facts giving rise to Plaintiffs' claims, as set forth in the Complaint, ECF No. 1.  In their motion, Plaintiffs seek an injunction for a separate state court action, *Leeper v. Rodriguez*, Case No. 24CV24857, filed in Marion County Circuit Court, and for criminal cases against Plaintiffs, also in Marion County Circuit Court, Case Nos. 23CR42372, 24CR26630, 24CR26634, 23CR42481, and 23CR43236.

From the documents submitted, it generally appears that Plaintiffs attempted to lay claim to a property located at 1660 Acacia Dr. S. in Salem, Oregon through the expedient of creating and filing a quitclaim deed purporting to transfer the property to a living trust for one dollar.  The real estate agent retained by the true owners of the property, Jed and Ericia Leeper, was alerted to Plaintiffs' scheme and took steps to secure the property against them.

Plaintiffs were arrested during an attempt to take possession of the property and Plaintiffs have been charged with trespassing, obtaining a document by deceit, criminal negligence, forgery, and aggravated theft in connection with their efforts to take the property.  The Leepers then brought an action to strike the quitclaim in Marion County Circuit Court.  The Marion County Circuit Court ruled in favor of the Leepers.

Plaintiffs have sought to remove *Leeper v. Rodriguez* and the criminal prosecutions of Plaintiffs to federal court.   ECF No. 70.  That motion was denied and those matters remain with Marion County Circuit Court.  ECF No. 91.

## DISCUSSION

Plaintiffs seek an injunction (1) "immediately halting all further evictions, removals, or dispossessions of Plaintiff from the property located at 1660 Acacia Dr. S."; (2) requiring Defendants to deliver the keys of the property to Plaintiffs; (3) an order "reversing" the Marion County Circuit Court decision made in favor of the Leepers in *Leeper v. Rodriguez*; (4) an injunction preventing the Marion County Circuit Court from proceeding in the various criminal prosecutions of Plaintiffs pending resolution of this federal action; and (5) restraining Defendants from interfering with Plaintiffs' possession of the property at 1660 Acacia Dr. S.  Plaintiffs assert that the terms of their living trust excuse them from the necessity of posting a bond for the requested injunction.  The motion is DENIED.

## I.    Likelihood of Success on the Merits

To prevail on a motion for preliminary injunction, a plaintiff must show either a likelihood of eventual success on the merits or, under the Ninth Circuit's alternative "sliding scale" formulation of the test, serious questions going to the merits of their claims.  *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d 1131-32. However, a court's decision on a motion for preliminary injunction is not a ruling on the merits of the claim.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Here, the Court notes that the Leepers are not parties to this action, nor does Plaintiffs' dispute with the Leepers relate to the underlying claims in the Complaint. The record indicates that Plaintiffs' efforts to lay claim to the property did not begin until months after this this case was filed.  Plaintiffs cannot show a likelihood of success on claims that have not been pleaded.  This federal case is a forum for the litigation of the specific claims brought by Plaintiffs in their Complaint against the specific Defendants named in the Complaint.  It is not meant, and cannot be used, to litigate any grievances or disputes Plaintiffs might subsequently have with third parties like the Leepers.

In addition, Plaintiffs seek an order "reversing" the Marion County Circuit Court's decision in *Leeper v. Rodriguez*.  Issuing such an order would be an exercise of appellate jurisdiction.  As the Court stated in its Order denying the TRO, federal district courts do not possess appellate jurisdiction over state court decisions.  *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.").

With respect to the various criminal cases against Plaintiffs, an injunction would be improper under the doctrine of *Younger* abstention.[1]  *Younger* abstention is a "circumscribed exception to mandatory federal jurisdiction," which provides that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

pending state court criminal proceedings. *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (internal quotation marks and citations omitted).

"*Younger* abstention is a jurisprudential doctrine centrally concerned with the 'threat to our federal system posed by displacement of state courts by those of the National Government.'" *Gibson v. Schmidt*, 522 F. Supp.3d 804, 814 (D. Or. 2921) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). *Younger* abstention applies where (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, "'i.e., would interfere with the state proceeding in a way that *Younger* disapproves.'" *Gibson*, 522 F. Supp.3d at 814 (quoting *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2003)). "Where all four elements are met, the district court is required to dismiss the action." *Gibson*, 522 F. Supp.3d at 814.

There are limited exceptions to mandatory abstention under *Younger* where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). However, such exceptions are "narrow." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975). They apply "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other

extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, there are several ongoing state court prosecutions of Plaintiffs. These proceedings implicate important state interests, notably allegations of fraud. There is no indication that Plaintiffs would not be able to vindicate their constitutional rights in the state court prosecutions. And finally, an injunction of the state court prosecutions is the very relief Plaintiffs seek in their motion. The Court concludes that *Younger* abstention applies. Plaintiffs have not made a sufficient showing of bad faith, proven harassment, or any other circumstance that would provide an exception to mandatory abstention.[2]

In sum, Plaintiffs have failed to make the necessary showing of likely success on the merits, nor have they made the lesser showing of serious questions going to the merits.

## II.    Irreparable Harm

In order to satisfy the standard for a preliminary injunction, a party must show that "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *Winter*, 555 U.S. at 22 (internal quotation marks and citation omitted). In this case, the Court is not convinced that Plaintiffs face irreparable harm in the absence of an injunction. The record before the Court indicates that Plaintiffs

---

[2] Plaintiffs assert that the state court prosecutions are retaliatory but offer only their own conclusory statements to support that claim. The prosecutions are ongoing, and Plaintiffs have been indicted. Jones Decl. ¶ 1. ECF No. 88. None of the warrants against Plaintiff have been vacated for lack of probable cause, none of the warrants have been quashed, and no evidence presented against Plaintiffs has been suppressed. *Id.*

were never the true owners of the property, as evidenced by the circuit court's ruling on the disputed quitclaim deed.  Plaintiffs cannot be irreparably harmed by the being denied possession of a property that was never theirs in the first place.  In any event, that issue has been litigated in Oregon state court.

With respect to the criminal prosecutions, the Court is likewise unconvinced that Plaintiffs face irreparable harm and, as previously discussed, the requested injunction is prohibited by *Younger*.

Even assuming, *in arguendo*, that Plaintiffs had made a showing of irreparable harm, that showing would be substantially outweighed by the other *Winter* factors.

## III.    Balance of Equities and the Public Interest

Under the "balance of equities" analysis, a court must "balance the competing claims of injury" and "consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (internal quotation marks and citation omitted).  The public interest inquiry, by contrast, "primarily addresses impact on non-parties rather than parties."  *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014).

Neither the balance of the equities or the public interest weigh in favor of the requested injunction.  If the injunction were allowed, it would impair the rights of the Leepers, who are not parties to this action, and unjustifiably interfere with the orderly administration of justice by the Oregon state courts in both the civil and criminal arenas.  As previously discussed, an injunction blocking Plaintiffs' criminal prosecutions would also run afoul of *Younger*.

In sum, the Court finds that all four *Winter* factors weigh against the requested injunction and Plaintiffs have failed to carry their burden of demonstrating entitlement to the extraordinary remedy of a preliminary injunction.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Emergency Motion for Preliminary Injunction, ECF No. 78, is DENIED.

It is so ORDERED and DATED this 19th day of July 2024.


_____/s/ Ann Aiken_____
ANN AIKEN
United States District Judge