UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN RODRIGUEZ; BRITNI RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SALEM; SALEM POLICE DEPARTMENT; MARION COUNTY SHERIFF'S OFFICE; MARION COUNTY JUSTICE COURT; MARION COUNTY,<br><br>Defendants. | Case No. 6:23-cv-01863-MK<br><br>**OPINION & ORDER** |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs Martin and Britni Rodriguez, proceeding self-represented, filed this 42 U.S.C. § 1983 ("Section 1983") and other federal law action against the City of Salem and Salem Police Department ("City Defendants") and Marion County Sheriff's Office, Marion County Justice Court, and Marion County ("County Defendants"). Before the Court is the City Defendants' Motion for Sanctions (ECF No. 58). For the following reasons, City Defendants' motion is denied.

## BACKGROUND

This case relates to an eviction proceeding initiated in the Marion County Justice Court against Plaintiffs on February 6, 2023. Hernandez Decl. Ex. A, at 58, ECF No. 50. The factual

Page 1 — OPINION & ORDER

background for the merits of this case is set forth in the Court's prior Findings and Recommendation issued July 10, 2024 (ECF No. 94), and the Court does not repeat it here. The facts that are relevant to this motion follow.

Counsel for City Defendants emailed Plaintiffs on April 17, 2024, inquiring about their availability for a deposition. Jones Decl. Ex. 1, ECF No. 59. On April 19, 2024, Plaintiffs responded, "[W]e will be utilizing our 5th [A]mendment Double Jeopardy protection." *Id*. On April 29, 2024, counsel noticed Plaintiffs' in-person deposition for May 7, 2024. Jones Decl. Exs. 2-3, ECF No. 59. The day before the deposition, on May 6, 2024, Plaintiffs emailed defense counsel demanding that they be permitted to be deposed by phone as a "reasonable ADA accommodation." Jones Decl. Ex. 1. Plaintiffs do not contest that they did not appear for their depositions, but instead argue that their nonappearance was justified based on their "clear invocation of their Fifth Amendment rights due to concurrent criminal proceedings." Pls.' Resp. 1, ECF No. 67.

On May 7, 2024, City Defendants filed this motion for sanctions for Plaintiffs' failure to appear for depositions. Following briefing on the motion, the Court issued a scheduling order on July 12, 2024, ordering oral argument on City Defendants' motion to take place in the Eugene Courthouse at 1:00 p.m. on August 20, 2024. ECF No. 96. The day before the hearing, the Court moved the scheduled time to 1:30 p.m., again noting that the hearing would take place at the Eugene Courthouse. ECF No. 103.

On August 19, 2020, the day before the hearing, Plaintiffs called chambers staff to request to appear at the hearing by phone and were directed to submit their request in writing. Plaintiffs did not submit their request in writing until 12:34 p.m. on August 20, 2024—less than an hour before the hearing was scheduled to start (however, they had sent a request in writing the

day before but had input the wrong email address). Plaintiffs were then instructed that in-person appearances were required. They responded that they were unable to appear in person because their vehicle had been towed. At the hearing, which Plaintiffs appeared for by phone, they explained that their vehicle had been towed on July 30, 2024, several weeks before the hearing, and they were unable to make it to Eugene for the hearing. Plaintiffs provided no satisfactory explanation for why they did not request a telephonic appearance sooner, despite the weeks that passed since their vehicle was towed.

## STANDARD

Fed. R. Civ. P. 30(a)(1) permits a party to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 37(d)(1)(A)(i) provides for sanctions when a party fails to appear for a deposition after being served with proper notice. Failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Sanctions for a party's failure to appear for a properly noticed deposition must require the party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## DISCUSSION

City Defendants' motion seeks the following sanctions for Plaintiffs' failure to participate in properly noticed depositions:

> 1. An Order allowing the City an additional 45 days of discovery for the limited purpose of deposing Plaintiffs and issuing a request for production of related documents;
>
> 2. An Order requiring Plaintiffs to participate in depositions as properly noticed by the City within the 14 days of the Court's Order;
>
> 3. An Order staying further proceedings until the Order is obeyed; and

> 4. Reasonable expenses, including attorneys' fees, caused by Plaintiffs' failure to attend their depositions and in having to prepare and file this Motion.

Defs.' Mot. 4. After the motion was filed, the Court stayed discovery pending the resolution of dispositive motions, rendering requests 1-3 moot. ECF No. 104. Thus, the only question before the Court is whether to award City Defendants reasonable fees and expenses.

The record here is clear that Plaintiffs failed to appear for a properly noticed deposition. While they contend that they were excused from doing so based on the Fifth Amendment and the need to appear by phone, Plaintiffs do not have authority to unilaterally decide not to appear for a deposition required by Rule 30(a). They did not seek a protective order under Rule 26(c) to bring the issues to the Court's attention as required by Rule 37(d)(2) to excuse their failure to appear on the grounds that the discovery was allegedly objectionable. Thus, City Defendants are entitled to reasonable expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Under the circumstances of this case, the Court finds that an award of expenses would be unjust. Plaintiffs are self-represented, and this is their first case filed in federal court in this district. While self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Court understands that the mechanics of the discovery rules and the need to move for a protective order in this circumstance requires a level of sophistication that a first-time self-represented litigant in federal court may lack. In addition, Plaintiffs are proceeding *in forma pauperis* and therefore have limited ability to pay fees and expenses. *See* ECF No. 9. While the self-represented and *in forma pauperis* status of Plaintiffs will not make an award of fees unjust in every case, they do weigh in favor of such a finding here. When that status is considered together with the circumstances of Plaintiffs' belief that they should be excused from

or granted accommodations for their attendance at depositions and their lack of experience with discovery rules, the Court finds an award of fees unjust and therefore declines to order them.[1]

However, the Court notes that Plaintiffs' behavior in this case related to the depositions as well as the oral argument on this motion is concerning. In particular, Plaintiffs' eleventh-hour announcements that they would not appear for their depositions or Court hearing in person, despite significant notice that such was required, evidence gamesmanship and a suggest a lack of good faith that the Court will no longer tolerate. Plaintiffs are now on notice that further failure to appear for depositions or Court hearings as required by the Federal Rules of Civil Procedure or Court order will result in sanctions which may include dismissal of their case. Plaintiffs are required to attend in person unless specifically excused from doing so. If this case moves forward following the resolution of Defendants' pending motions, City Defendants have leave to renew this motion for sanctions should Plaintiffs again fail to comply with their discovery obligations.

## CONCLUSION

For the reasons above, the City Defendants' Motion for Sanctions (ECF No. 58) is DENIED.

DATED this 26th day of September 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

---

[1] For the same reasons, the Court declines to order sanctions under its inherent authority as requested by City Defendants.

Page 5 — OPINION & ORDER