UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN RODRIGUEZ; BRITNI RODRIGUEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SALEM; SALEM POLICE DEPARTMENT; MARION COUNTY SHERIFF'S DEPARTMENT; MARION COUNTY JUSTICE COURT; MARION COUNTY,<br><br>        Defendants. | Case No. 6:23-cv-01863-MK<br><br>**FINDINGS AND RECOMMENDATION** |

**KASUBHAI,** United States Magistrate Judge:

Plaintiffs Martin and Britni Rodriguez, proceeding self-represented, filed this 42 U.S.C. § 1983 ("Section 1983") and other federal law action against the City of Salem and Salem Police Department ("City Defendants") and Marion County Sheriff's Office, Marion County Justice Court, and Marion County ("County Defendants"). Before the Court, in response to Plaintiffs' "First Amended Complaint" (ECF No. 99), are County Defendants' "Motion to Dismiss Plaintiffs' Amended Complaint" (ECF No. 101) and City Defendants' "Motion for Summary Judgment" (ECF No. 105). For the following reasons, County Defendants' motion to dismiss should be granted. City Defendants' motion for summary judgment should be partially construed

Page 1 — FINDINGS AND RECOMMENDATION

as a motion for judgment on the pleadings and granted. Plaintiffs' First Amended Complaint should be dismissed with prejudice.

## BACKGROUND

As alleged in Plaintiff's Amended Complaint, in April 2023, Defendant Marion County Justice Court issued a writ of execution for the eviction of Plaintiffs from their residence, which was extended by thirty days upon a request from Defendant Marion County Sheriff's Office. Pls.' Am. Compl. 3, ECF No. 99. That writ expired on May 26, 2023. *Id.* Defendant Marion County Sheriff's Office attempted to perform the eviction on August 2, 2023, using their SWAT team to enter the residence at night while the family was asleep. *Id.* at 4. The next month, Plaintiffs had multiple encounters with members of Defendant Salem Police Department. *Id.* at 4-6. On September 5, 2023, Plaintiff Martin Rodriguez was allegedly grabbed and tased multiple times by officers of Salem Police before they arrested him. *Id.* at 5. After the arrest, the police asked Plaintiff Martin Rodriguez to help get Plaintiff Britni Rodriguez out of the residence. *Id.* Eventually, the police surrounded the house, made loud chants over their intercom, and placed a door ram at the bottom of the house's stairs. *Id.* at 6. The next day, Plaintiffs' electricity was cut off and Plaintiff Britni Rodriquez was arrested shortly after. *Id.*

Plaintiffs allege Section 1983 claims asserting that they were deprived of rights conferred by the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment. *Id.* at 7-8. Plaintiffs also allege "Hostage Taking" against City Defendants, citing criminal statute 18 U.S.C. § 1203. *Id.* at 9.

## STANDARDS

A.  **Rule 12(b)(6) Failure to State a Claim**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Pleadings by self-represented parties are held to a less stringent standard than those drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the self-represented litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A self-

represented plaintiff's claims may be dismissed with prejudice only where it appears beyond doubt the plaintiff can prove no set of facts that would entitle them to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

**B.      Summary Judgment**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

**C.      Judgment on the Pleadings**[1]

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for purposes of

---

[1] As explained below, the Court partially construes City Defendants' motion for summary judgment as a motion for judgment on the pleadings.

Rule 12(c) once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)). The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, *id.*, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must set forth more than "the mere possibility of misconduct." *Id.* at 678.

## DISCUSSION

I.  **County Defendants' Motion to Dismiss for Failure to State a Claim**

    A.   **Section 1983 Claim**

County Defendants move to dismiss Plaintiffs' Section 1983 claims against them with prejudice because Plaintiffs failed to allege facts supporting a theory of municipal liability. Section 1983 permits a cause of action for constitutional violations only against "person[s]." In certain circumstances, a municipality may be held liable as a "person" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held

liable under § 1983 on a respondeat superior theory." *Id.* Liability only attaches where the municipality itself causes the constitutional violation through the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see also Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) ("[i]f the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from *respondeat superior* liability") (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988)).

There are three methods by which a plaintiff may establish municipal liability under *Monell*. First, a local government may be liable where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[s] the injury." *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *Monell*, 436 U.S. at 694). If the policy has not been written or formalized, a local government may still be liable if it has an implicit policy that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gordon v. Cty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 168 (1970)). Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [government entity] can reasonably be said to have been deliberately indifferent to the need." *Rodriguez*, 891 F.3d at 802 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making

Page 6 — FINDINGS AND RECOMMENDATION

authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 802–03 (quoting *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013)).

This Court dismissed Plaintiffs' original complaint on June 4, 2024. ECF No. 66. The Court explained in its Findings and Recommendation that the Complaint failed to allege facts that supported municipal liability under *Monell*. Instead, that complaint alleged that Plaintiffs' constitutional rights were violated by the individual conduct of various County employees but did not allege any facts that County Defendants caused a constitutional violation through a policy or custom, a failure to train its employees, or the actions of a County official with final policy-making authority. In its Findings and Recommendation, the Court set forth the above rules explaining what is necessary to establish municipal liability. Plaintiffs' Complaint was dismissed but Plaintiffs were granted leave to amend to allege facts that support municipal liability as explained.

Plaintiffs' First Amended Complaint fails to cure the deficiencies identified in the Court's prior Findings and Recommendation, alleging no facts supporting liability under any *Monell* theory. Instead, Plaintiffs' allegations, like those in Plaintiffs' original complaint, only set forth allegations of conduct by County employees with respect to Plaintiffs' eviction. Therefore, as with the original complaint, the First Amended Complaint only asserts claims based on vicarious liability. As noted above, and previously, this is insufficient to state a Section 1983 municipal liability (*Monell*) claim against County Defendants.

Plaintiffs argue that the "cumulative impact" of County Defendants' actions towards them, detailed in the First Amended Complaint, amount to an unconstitutional municipal custom. But to allege municipal liability for an implicit custom, "isolated or sporadic incidents" are not

enough, rather, liability "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Gordon, 6 F.4th at 974 (citation omitted). Plaintiffs argue that "the cumulative effect of executing an expired writ and using excessive force suggests a pattern of behavior that could be interpreted as a municipal custom or practice." ECF No. 107 at 4. But Plaintiffs' alleged facts only describe the County's course of related conduct towards Plaintiffs related to their eviction. Such facts are insufficient to allow a reasonable inference that County Defendants' actions were part of a permanent and well-settled practice of doing similarly. To create a claim of municipal liability, Plaintiffs needed to allege that the County was behaving in the same ways in other eviction cases sufficiently often that such conduct had become an implicitly adopted policy of the municipality. Plaintiffs did not allege this despite the Court's clear explanation of municipal liability in its previous Findings and Recommendation. Accordingly, the Section 1983 claims against the County Defendants should be dismissed.

## II.    City Defendants' Motion for Summary Judgment

### A.    Section 1983 Claim

As to Plaintiffs' Section 1983 claims, City Defendants' motion for summary judgment identifies deficiencies in Plaintiffs' First Amended Complaint against the City Defendants and asks for dismissal of the Section 1983 claims against them. The nature of these arguments—which are directed at the sufficiency of allegations in Plaintiffs' First Amended Complaint—are more in the nature of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and the Court therefore construes this portion of the motion as such.

Plaintiffs' First Amended Complaint only alleges misconduct by employees of City Defendants with respect to Plaintiffs. For the same reasons the Court explained above as to the allegations against County Defendants, the facts alleged by Plaintiffs only support a theory of

vicarious liability, which municipalities are exempt from. *See supra* Section I.A. Thus, Plaintiffs have failed to state a claim under Section 1983 because their alleged facts do not support a theory of municipal liability. *Id.* In evaluating City Defendants' motion construed as a motion for judgment on the pleadings, the Section 1983 claims against them should be dismissed.[2]

B. **Hostage Taking Claim**

City Defendants also move for summary judgment against Plaintiffs' federal law claim of hostage taking because Plaintiffs have no private right of action under 18 U.S.C. § 1203.

To determine whether a private right of action exists, the Court must decide whether the statute passed by Congress displays an intent to create a private right and a private remedy. *Hernandez v. Mesa*, 589 U.S. 93, 116 (2020). If no such intent exists, ". . . a cause of action does not exist and courts may not create one." *Id.* (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)). A "bare criminal statute," state or federal, does not create a private cause of action. *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994).

Here, Plaintiffs allege in their Amended Complaint that City Defendants' actions constituted hostage taking under 18 U.S.C. § 1203. That statute is part of federal criminal code, and there is no indication of a congressional intent to create a private right and private remedy. Accordingly, a private cause of action is unavailable to Plaintiffs and summary judgment in City Defendants' favor should be granted on this claim.

III. **Leave to Amend**

In civil rights cases where the plaintiff is self-represented, the Court construes the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d

---

[2] Defendant Salem Police Department should be dismissed for the additional reason that it is not a separately suable legal entity, as conceded by Plaintiffs in response to the City's motion. Pl. Resp. 2, ECF No. 109.

1026, 1027 n. 1 (9th Cir. 1985) (*en banc*). Ordinarily, self-represented litigants are given leave to amend their complaint. *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623–24 (9th Cir. 1988). However, if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). Furthermore, a "district court's discretion to deny leave to amend is particularly broad where a Plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010).

Plaintiffs have been given the chance to state a claim and have failed to do so despite having the relevant law and the prior Complaint's deficiencies explained to them. *See* ECF No. 94. Had Plaintiffs cured the deficiencies present in their original complaint, the Court would be compelled to grant leave to amend. However, here, Plaintiffs alleged similar facts as in their original complaint and failed to cure the deficiencies present in it. It therefore does not appear as though Plaintiffs could cure the deficiencies through further amendment because they are unable to allege facts outside of their personal eviction experience that meet the *Monell* standard for municipal liability. Thus, further amendment would be futile, and the Court should dismiss Plaintiffs' claims with prejudice.

## RECOMMENDATION

For the reasons above, County Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 101) should be GRANTED and City Defendants' Motion for Summary Judgment (ECF No. 105) should be resolved as follows: City Defendants' Motion for Summary Judgment on Plaintiffs' Section 1983 claims should be construed as a motion for judgment on the pleadings and GRANTED, City Defendants' Motion for Summary Judgment with respect to

Plaintiff's hostage taking claim should be GRANTED. Plaintiffs' First Amended Complaint should be DISMISSED with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 2nd day of October 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge